**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Central Source LLC, | No. CV-25-01610-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| freeannualcreditreports.club, et al., | |
| Defendants. | |

Plaintiff Central Source LLC seeks default judgment in this in rem action against twelve domain names. (Doc. 13.) The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the prejudice to Central Source weighs in favor of default judgment because if "default judgment is not granted, [Central Source] will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of Central Source's claims and the sufficiency of its complaint.[1] These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

The complaint asserts a single claim under the Anti-Cybersquatting Consumer Protection Act ("ACPA"). (Doc. 1 at 13.) "A plaintiff pursuing a cybersquatting claim under the ACPA must show that: (1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted with bad faith intent to profit from that mark." *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1219 (9th Cir. 2012) (simplified). Central Source's complaint contains sufficient allegations establisahing these elements.

Central Source has used the mark "AnnualCreditReport" since 2004. (Doc. 1 at 9.) Since that time, the mark "has become famous and/or distinctive throughout the United States." (Doc. 1 at 11.) And "consumers immediately associate[] the AnnualCreditReport mark . . . with Central Source." (Doc. 1 at 9). Accepting the complaint's factual allegations as true, Central Source has common law trademark rights as well as statutory trademark rights in its mark. And the defendant domain names, registered in 2025, contain the full mark or small variations of it. The domain names easily satisfy the requirement of being identical or confusingly similar to the mark.

Finally, Central Source has adequately alleged the defendant domain names were registered with bad faith intent to profit from Central Source's mark. The governing statute provides a list of factors a court may consider when determining if bad faith exists, and

---

[1] The current registrants of the various domain names may have no connection to each other but as recognized in a similar case involving multiple domain names, "the principles underlying permissive joinder support granting it here." *PragmaticPlay Int'l Ltd. v. Agenpragmaticplay.live*, No. CV-23-00497-PHX-DLR, 2024 WL 113306, at *4 (D. Ariz. Jan. 10, 2024).

those factors establish bad faith in this case. 15 U.S.C. § 1125(d)(1)(B))(i). In particular, the defendant domain names do not reflect trademark or intellectual property rights of the registrants, do not reflect the registrants' legal names, the registrants have not engaged in bona fide commercial or noncommercial use of the domain names, the registrants are using the domain names to divert and confuse consumers, and the registrants did not provide correct contact information when registering the domain names.

Central Source has stated a strong claim for relief under the ACPA. The second and third factors support entry of default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). The only relief Central Source seeks is an order requiring the registrars take all necessary steps to list Central Source as the registrant of each defendant domain name. This limited relief is proportional to the harm and this factor supports entry of default judgment.

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. The current registrants of the domain names chose not to participate in this suit, meaning there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

Central Source served the complaint in the manner authorized by the governing statute. 15 U.S.C. § 1125(d)(2)(B). With no response from an interested party, there is no indication of excusable neglect, and this factor supports default judgment. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of

1 | default, as well as the papers in support of the instant motion.").

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted).

**7. Default Judgment is Merited**

The factors considered together establish default judgment is appropriate.

**8. Damages**

Although it is Central Source's burden to prove the amount of its damages, Central Source is not requesting monetary relief. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Rather—as required by statute—Central Source requests only "the transfer of the domain name[s]." 15 U.S.C. § 1125(d)(2)(D). That is, Central Source seeks an order directing it be listed as the registrant of defendant domain names. That relief is appropriate here.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 13) is **GRANTED**. The Clerk of Court shall enter judgment in favor of Plaintiff Central Source LLC and against the Defendant domain names freeannualcreditreport.site, freeannualcreditreports.club, freeannualcreditreports.shop, freeannualcreditreports.store, freeannualcreditreports.xyz, myannualcreditreport.club, myannualcreditreport.shop, myannualcreditreport.xyz, freeannuallcreditreport.online, annual-credit-report-com.cfd, annual-credit-report.cfd, and annual-credit-reportcom.cfd. The Clerk of Court shall close this case.

/

/

/

/

/

/

**IT IS FURTHER ORDERED** the registrars GoDaddy.com LLC and NameSilo, LLC shall take all necessary steps to have plaintiff Central Source LLC listed as the registrant for the defendant domain names.

Dated this 18th day of November, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge